UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| GABRIEL BURRESS,<br><br>                    Plaintiff,<br><br>vs.<br><br>IDAHO STATE TROOPER<br>RUTLAND and PUBLIC DEFENDER<br>CARLOS RODRIGUES,<br><br>                    Defendants. | Case No. 1:25-cv-0000392-BLW<br><br>**INITIAL REVIEW ORDER<br>BY SCREENING JUDGE** |

The Complaint of Plaintiff Gabriel Burress was conditionally filed by the Clerk of Court due to his status as a pretrial detainee and pauper. (Dkts. 3, 1.) A "conditional filing" means that Plaintiff must obtain authorization from the Court to proceed. All prisoner and pauper complaints seeking relief against a government entity or official must be screened by the Court to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that state a frivolous or malicious claim, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). After reviewing the Complaint, the Court has determined that Plaintiff will be required to provide the Court with more information about his pending state criminal action.

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 1**

**REVIEW OF COMPLAINT**

### 1. Factual Allegations

Plaintiff alleges that Officer Rutland arrested him, violating his constitutional rights by violently assaulting him, lying on the police report, falsely arresting him, and otherwise violating his civil rights. Dkt. 3 at 2.

As a result of the arrest, he was charged possession of a controlled substance, malicious injury to property, and resisting arrest in a Jerome County, Idaho state criminal case, CR27-21-00785. He was found guilty of felony possession of a controlled substance on January 10, 2022, and appears to have had several probation violation hearings after that date. *See* https://portal-idaho.tylertech.cloud/odysseyportal/Home/ Workspace Mode?p=0 (search Burress, Gabriel) (accessed 10/07/2025).

Plaintiff also asserts that his public defender, Carlos Rodrigues, failed to file necessary motions to have his criminal case dismissed.

### 2. Standard of Law

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. To state a claim under § 1983, a plaintiff must allege a violation of rights protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

### 3. Discussion

For the following reasons, Plaintiff cannot proceed on any of his claims. He may file either a response to this Order showing why his claims should not be dismissed or a

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 2**

notice of voluntary dismissal.

A. Claims against Trooper Rutland

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994),  the United States Supreme Court determined that, where a favorable verdict in a civil rights action would necessarily show that a plaintiff's criminal conviction or sentence is invalid, he must first demonstrate that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Id.* As a result, "a claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983." *Id.*

On the other hand, if civil rights claims, even if successful, will not demonstrate that an outstanding criminal judgment against the plaintiff is invalid, the action should be allowed to proceed. *Id.* at 487. "[A]pplying *Heck* requires looking at the factual basis for a conviction, regardless of whether that conviction is based on a jury verdict or a guilty plea." *Lemos v. Cnty. of Sonoma*, 40 F.4th 1002, 1008 (9th Cir. 2022).

In *Heck*, petitioner Roy Heck had been convicted of voluntary manslaughter before he brought his related § 1983 civil rights action. The facts are similar to Plaintiff's here:

> While the appeal from his conviction was pending, petitioner, proceeding pro se, filed this suit in Federal District Court under 42 U.S.C. § 1983, naming as defendants respondents James Humphrey and Robert Ewbank, Dearborn County prosecutors, and Michael Krinoph, an investigator with the Indiana State Police. The complaint alleged that respondents, acting under color of state law, had engaged in an "unlawful, unreasonable, and arbitrary investigation"

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 3**

> leading to petitioner's arrest; "knowingly destroyed" evidence
> "which was exculpatory in nature and could have proved
> [petitioner's] innocence"; and caused "an illegal and unlawful
> voice identification procedure" to be used at petitioner's trial.
> App. 5–6. The complaint sought, among other things,
> compensatory and punitive monetary damages. It did not ask
> for injunctive relief, and petitioner has not sought release
> from custody in this action.

512 U.S. at 478–79 (footnote omitted).

Plaintiff's claims against Trooper Rutland are presently barred, because he asserts that his conviction was based on arresting officers' wrongful acts, and alleges that he would not be in prison but for Rutland's commission of Fourth Amendment violations during his arrest. To overcome *Heck*, Plaintiff's task is to explain why his claims do *not* call into question the correctness or validity of his conviction and sentence. As currently alleged, the allegations clearly show that a victory in this case would imply that his criminal conviction and sentence are invalid.

Plaintiff therefore must wait to bring his claims until a date when his conviction has been overturned or invalidated in a collateral proceeding challenging his criminal conviction, such as a post-conviction action or habeas corpus case. The statute of limitations for a § 1983 claim that is dependent upon a prior state court action to invalidate a conviction revocation does not begin to run until the conviction is reversed, expunged or declared invalid, because the § 1983 cause of action does not arise until the state court action is completed. *See Heck*, 512 U.S. at 489; *Harvey v. Waldron*, 210 F.3d 1008, 1015-16 (9th Cir. 2000).

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 4**

On the other hand, if any claims against Trooper Rutland are not barred by *Heck v. Humphrey*, they likely are barred by the two-year statute of limitations for civil rights claims. The statute of limitations period for filing a civil rights lawsuit under 42 U.S.C. § 1983 is determined by the statute of limitations period for personal injuries in the state where the claim arose. *Wilson v. Garcia*, 471 U.S. 261 (1985) (later overruled only as to claims brought under the Securities Exchange Act of 1934, not applicable here). Idaho Code § 5-219, providing for a two-year statute of limitations for personal injuries, governs federal civil rights actions arising in Idaho.

Although the Court relies upon the state statute of limitations to determine the time for filing a claim, the Court uses federal law to determine when a claim accrues. *Elliott v. City of Union City*, 25 F.3d 800, 801-02 (9th Cir. 1994). The Ninth Circuit has determined that a claim accrues when the plaintiff knows, or should know, of the injury that is the basis of the cause of action. *See Kimes v. Stone*, 84 F.3d 1121, 1128 (9th Cir. 1996). Under this "discovery rule," the statute begins to run once a plaintiff knows of his injury and its cause. *Gibson v. United States*, 781 F.2d 1334, 1344 (9th Cir. 1986). A claim accrues upon awareness of an actual injury, "and not when the plaintiff suspects a legal wrong." *Lukovsky v. City and County of San Francisco*, 535 F.3d 1044, 1049 (9th Cir. 2008).

Trooper Rutland's arrest of Plaintiff was approximately four years ago. Therefore, Plaintiff's claims were asserted two years too late. If Plaintiff believes any claims not

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 5**

barred *by Heck v. Humphrey* are timely or that adequate legal excuse exists for his late filing, he may file a response to this Order.

### B. Claims against Public Defender Rodrigues

The law is clear that a public defender does not act under color of law when representing an indigent defendant in criminal proceedings. *Cox v. Hellerstein*, 685 F.2d 1098, 1099 (9th Cir. 1982) (federal criminal context). Under such circumstances, the federal court lacks jurisdiction over a plaintiff's claims. *See id*.

In *West v. Atkins*, 487 U.S. 42 (1988), the United States Supreme Court explained:

> In *Polk County v. Dodson*, 454 U.S. 312 (1981)… the Court held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." In this capacity, the Court noted, a public defender differs from the typical government employee and state actor. While performing his duties, the public defender retains all of the essential attributes of a private attorney, including, most importantly, his "professional independence," which the State is constitutionally obliged to respect. A criminal lawyer's professional and ethical obligations require him to act in a role independent of and in opposition to the State. The Court accordingly concluded that when representing an indigent defendant in a state criminal proceeding, the public defender does not act under color of state law for purposes of § 1983 because he "is not acting on behalf of the State; he is the State's adversary."

*Id*. at 50 (internal citations and alterations omitted).

Plaintiff's claims that Mr. Rodriguez failed to file motions in his criminal case cannot be pursued in a civil rights claims because Mr. Rodriguez is not a state actor and, even if Plaintiff could proceed by showing that Mr. Rodriguez conspired with state actors

**INITIAL REVIEW ORDER BY SCREENING JUDGE - 6**

to have Plaintiff wrongfully convicted, such a claim would be barred by *Heck v. Humphrey*.

## ORDER

**IT IS ORDERED:**

1. Plaintiff must respond to this Order within **30 days** after entry of this Order.

2. Plaintiff's request for appointment of counsel (Dkt. 5) will be DENIED without prejudice, because it appears quite clear that he will not be able to proceed on any claim.

3. Plaintiff is warned that, if he does not file a brief within the time frame specified above, his entire case will be dismissed without prejudice, without further notice. Plaintiff may, in the alternative, file a notice of voluntary dismissal within **30 days** after entry of this Order.



DATED: October 20, 2025

B. Lynn Winmill
U.S. District Court Judge